ENTERED

OCT - 9 2009

IN REGISTER BY LR

✳ FILED

09 OCT -9 AM 9: 39

CIRCUIT COURT
FOR MULTNOMAH COUNTY

CIRCUIT COURT OF OREGON

COUNTY OF MULTNOMAH

**14260**

TERRY L. BEARD, dba TheBigDay.com, and )
THE BIG DAY LLC, an Oregon limited )
liability company, )
                           )
                Plaintiffs, )

    v. )

PAYPAL, INC., a Delaware corporation, )
                           )
                Defendant. )
                           )
                           )
                           )
                           )

Case No. **0910-14260**

COMPLAINT

(CONVERSION, UNJUST
ENRICHMENT, DECLARATORY
JUDGMENT AND BREACH OF
CONTRACT)

*NOT SUBJECT TO MANDATORY
ARBITRATION*

*JURY TRIAL DEMANDED*

Plaintiffs allege as follows:

**Parties**

1.

Plaintiff Terry Beard ("Beard") is a citizen of Oregon and resident of Portland, Oregon. He was the sole owner of a honeymoon gift registry business doing business as TheBigDay.Com. from on or about April 24, 2009 until August 11, 2009. Plaintiff The Big Day LLC is an Oregon limited liability company, which became the assignee from Beard of the assets of the sole proprietorship on August 11, 2009. Both are referred to collectively as Plaintiffs.

///

///

///

PAGE 1 - COMPLAINT

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

**EXHIBIT 1**
Page 4 of 14

1                          2.

2         Defendant is a Delaware Corporation authorized to and doing business in

3 Oregon. Defendant provides on-line credit card banking services in all states and several

4 countries.

5                     **Facts Common to All Claims**

6                          3.

7         Plaintiff Beard was an original founder, officer and director of Gift Registry

8 Services, Inc. ("GRSI"). GRSI created the on-line honeymoon registry doing business as

9 TheBigDay.Com. ("TBD"). An on-line gift registry is similar to traditional registries, except

10 that the primary function is to provide a means for the wedding couple to receive gifts to be

11 used for honeymoon experiences rather than traditional household gifts. For example, a

12 relative might advance funds for the couple to use on a scuba dive during a Hawaiian

13 honeymoon. The payment for the gift is processed through banking credit card services, such

14 as the service provided by Defendant to merchant customers doing business on-line.

15                          4.

16         GRSI owned and operated TBD from its inception until August 21, 2008,

17 when the assets of GRSI were sold to Sequoia, Inc., a California corporation ("Sequoia") that

18 was active in the travel business through other operating entities. Once the sale was

19 completed, Sequoia operated the TBD honeymoon gift registry, in the same manner that

20 GRSI had operated it prior to the sale.

21                          5.

22         Prior to the sale of TBD assets to Sequoia, Plaintiff Beard had loaned

23 substantial funds to GRSI to use as operating capital. These loans were outstanding at the

24 time of the sale. Sequoia assumed liability to repay GRSI's loans to Plaintiff Beard as part of

25 the sale of GRSI assets to Sequoia.

26  / / /

PAGE 2 - COMPLAINT

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

**EXHIBIT 1**
Page 5 of 14

6.

In 2008 and 2009, Sequoia defaulted on the loans to Plaintiff Beard which it had assumed from GRSI. On or about April 24, 2009, Sequoia elected to return assets of TBD to Plaintiff Beard in lieu of Plaintiff's foreclosure of a security interest he had in the assets used for the TBD registry.

7.

After the return of assets, Plaintiff Beard operated the TBD honeymoon registry in much the same manner as it had been run originally by GRSI, and then by Sequoia during the period that it owned and operated the registry. During the time that TBD was owned by the three different owners (GRSI, Sequoia and Beard), all three needed the services of an on-line credit card company to do business. All three did business with Defendant PayPal.

8.

Defendant is sometimes at risk when vendors fail or customers cancel purchases. Defendant attempts to protect itself against these risks by requiring merchants to maintain reserves that Defendant may draw upon to pay any such loses. Whether reserves are required, and the level at which they are set, is based upon an evaluation of past performance and likelihood of charge-backs or defaults in processing payments through Defendant's credit card system. However, because the TBD honeymoon registry was deemed by Defendant to be substantially risk-free, Defendant required no reserves to be posted for the TBD honeymoon registry transactions while it was owned and operated by GRSI.

9.

When the TBD registry was sold to Sequoia, it continued using Defendant PayPal as its credit card company. Defendant was also doing business with related companies owned by Sequoia or a sister company in the travel business. Principal among

PAGE 3 - COMPLAINT

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

1 these other businesses was one done under the name Happy Vacations. Happy Vacations'
2 transactions were also processed through the use of Defendant's credit card services. Happy
3 Vacations involved greater risk than the TBD honeymoon registry, since larger amounts of
4 money were involved and the frequency for the need for a chargeback or adjustment was
5 greater than it was for TBD. Upon information and belief, Defendant used and applied its
6 underwriting methodology to establish a reserve requirement for the owner of Happy
7 Vacations in the approximate amount of 10 per cent of deposits into the PayPal account for
8 the prior month. However, even though the TBD honeymoon registry was operated by the
9 same or related owners, Defendant continued its policy of requiring no reserves for the
10 honeymoon gift registry portion of the business because it presented little or no risk of loss.
11 Just as it had done when GRSI operated the TBD registry, Defendant PayPal required no
12 reserve for the registry portion of the business done by Sequoia, even though it required
13 Happy Vacations to maintain its prior levels of reserves.

14                                             10.

15          The Happy Vacations business failed, and was placed into bankruptcy. Upon
16 information and belief, Defendant is subject to claims of several million dollars from
17 customers of Happy Vacations who have had travel plans disrupted by the failure of Happy
18 Vacations. The reserves which Defendant set for Happy Vacations were inadequate to cover
19 these claims.

20                                             11.

21          After Sequoia transferred the assets of the TBD honeymoon registry to
22 Plaintiff Beard on or about April 24, 2009, he began operations and started doing business
23 with honeymoon couples and their friends and families who made purchases through the
24 registry. Beard used the services of Defendant's credit card company to process these
25 transactions. Beard timely notified Defendant of the change and of the fact that TBD was no
26 longer affiliated with Sequoia or Happy Vacations.

PAGE 4 - COMPLAINT

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

EXHIBIT 1
Page 7 of 14

12.

When Beard re-acquired the TBD honeymoon registry, the risk profile for transactions remained at the low levels which caused Defendant previously to require no reserves against the business done in the account. In fact, the risk profile improved, since the TBD honeymoon registry was no longer affiliated with a sister company that was failing.

13.

Defendant processed transactions for TBD after Beard began operating it as a personal dba. Defendant accepted payments for purchases by friends and families of honeymoon couples. However, without any right to do so, and without justification, Defendant raised the reserve requirement against payments into the registry from zero to 100 percent. Defendant did this for the wrongful purpose of trying to recoup from Beard the losses that Defendant incurred because it had failed to adequately access the risks it faced in doing business with Happy Vacations.

14.

After April 24. 2009, customers of Plaintiffs' TBD registry have made purchases of registry services and products in the amount of $316,148.44 through purchases processed through Defendant's credit card system. All of these funds were generated from transactions made after Sequoia returned the assets of the TBD registry to Beard; none of them arose from customers of the registry while it was owned by Sequoia.

15.

Defendant has suffered no losses from transactions done by users of the TBD honeymoon registry during the time it was operated by Beard following the return of the registry assets from Sequoia to Beard, i.e., transactions made by customers of the registry after April 24, 2009. Notwithstanding this fact, Defendant PayPal has wrongfully refused to remit funds it collected as TBD's agent to Plaintiffs.

///

PAGE 5 - COMPLAINT

EXHIBIT 1
Page 8 of 4

16.

Defendant has a lengthy electronic contract that is a contract of adhesion. Nothing in the contract justifies Defendant's actions. Beard made multiple requests to Defendant PayPal for an explanation of why it was refusing to remit payments to Beard. Defendant was unresponsive and has never given a cogent explanation for its wrongful conduct.

17.

Defendant is wrongfully holding $316,148.44 of Plaintiffs' money. Plaintiffs have had to make good on the purchases of the friends and families of honeymoon couples from their own resources because Defendant is wrongfully holding their money and converting it to Defendant's own use. Thus, even though friends and family of honeymoon couples paid in full for registry services through Defendant PayPal's on-line credit card processing system, PayPal refuses to allow the money paid for the couples' benefit to be used by them. In order to protect the interest of TBD's customers and the reputation of the business, Plaintiffs have been forced to pay for the same services a second time from their own resources because Defendant is refusing to honor its obligations to remit funds to Plaintiffs to be used as intended.

18.

Defendant's wrongful conduct has damaged Plaintiffs' business and caused substantial losses in addition to the loss of funds. These damages are continuing to mount.

**First Claim for Relief**

**(Conversion)**

19.

Plaintiffs reallege matters alleged above.

PAGE 6 - COMPLAINT

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

**EXHIBIT 1**
Page 9 of 14

1                                   20.

2         Defendant has exerted dominion and control over Plaintiffs' property as above

3 described in a manner inconstant with Plaintiffs' right of ownership. Defendant has refused

4 several timely requests to turn over the money Defendant is wrongfully withholding.

5                                   21.

6         Defendant's wrongful actions were at all material times intentional and

7 continue to be so.

8                                   22.

9         Plaintiffs have been damaged in the amount to be proved at trial, which is not

10 less than $316,148.44. Plaintiffs are entitled to prejudgment interest of nine percent (9%) per

11 annum from April 24, 2009, until paid.

12                                   23.

13         Defendant has acted in bad faith and Plaintiffs reserve the right to amend to

14 seek punitive damages.

15                                   24.

16         To the extent Defendant's contract is construed to allow attorneys' fees in any

17 litigation, Plaintiffs have a reciprocal right to recover attorneys' fees.

18                         **Second Claim for Relief**

19                         **(Unjust Enrichment)**

20                                 25.

21         Plaintiffs reallege matters alleged above.

22                                 26.

23         Defendant will be unjustly enriched in the amount to be proved at trial, but not

24 less than $316,148.44 if Defendant retains Plaintiffs' money. Plaintiffs are entitled to an

25 award of prejudgment interest in the amount of nine percent per annum from April 24, 2009

26 until paid.

PAGE 7 - COMPLAINT

TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

**EXHIBIT 1**
Page 10 of 14

1                         27.

2            To the extent Defendant's contract is construed to allow attorneys' fees in any

3 litigation, Plaintiffs have a reciprocal right to recover attorneys' fees.

4                     **Third Claim for Relief**

5                     **(Declaratory Judgment)**

6                         28.

7            Plaintiffs reallege matters alleged above.

8                         29.

9            A justiciable controversy exists between Plaintiffs and Defendant. Plaintiffs

10 contend they are entitled to their money. Defendant contends it may keep Plaintiffs' money.

11 The claim is ripe for determination by this court.

12                         30.

13            Plaintiffs are entitled to a declaration by this court that Defendant is

14 wrongfully withholding their money and ordering Defendant to pay all money from

15 Plaintiffs' PayPal account, including prejudgment interest from April 24, 2009 until paid in

16 full.

17                         31.

18            To the extent Defendant's contract is construed to allow attorneys' fees in any

19 litigation, Plaintiffs have a reciprocal right to recover attorneys' fees.

20                     **Fourth Claim for Relief**

21                     **(Breach of Contract)**

22                         32.

23            Defendant contracted to act as Plaintiffs' agent in processing payments by

24 friends and families of honeymoon couples who use the TBD gift registry.

25                         33.

26           Plaintiffs have performed all obligations under the contract.

PAGE 8 - COMPLAINT

**TONKON TORP** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

**EXHIBIT 1**
Page |1 of |7

**34.**

Defendant has breached the contract by refusing to remit payments due to Plaintiffs.

**35.**

Plaintiffs have been damaged in the amount to be proved at trial, but not less than $316,148.44 and prejudgment interest from April 24, 2009 until paid.

**36.**

To the extent Defendant's contract is construed to allow attorneys' fees in any litigation, Plaintiffs have a reciprocal right to recover attorneys' fees.

WHEREFORE, Plaintiffs pray for a decree as follows:

1. Awarding Plaintiffs damages of not less than $316,148.44 on all claims, plus prejudgment interest of nine percent per annum from April 24, 2009 until paid.

2. Awarding Plaintiffs' costs and attorneys' fees.

3. Awarding Plaintiffs all other relief the court deems appropriate.

DATED this 8th day of October, 2009.

TONKON TORP LLP

By _____
Daniel H. Skerritt, OSB No. 681519
Direct Telephone: 503.802.2024
Direct Facsimile: 503.972.3724
E-mail: dan.skerritt@tonkon.com
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204
Attorneys for Plaintiffs

Trial Attorney:

Daniel H. Skerritt

**Jury Trial Demanded**

Plaintiffs hereby demand a jury trial on all of its claims.

031968/00001/1788003v1

PAGE 9 - COMPLAINT

**EXHIBIT 1**
Page 12 of 14