IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| TERRY L. BEARD, doing business as TheBigDay.com; ET AL., | ) ) ) | Civil No. 09-1339-JO |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | OPINION AND ORDER |
| PAYPAL, INC., a Delaware corporation, | ) ) ) | |
| Defendant. | ) | |

Daniel H. Skerritt
TONKON TORP LLP
888 S.W. Fifth Avenue, Suite 1600
Portland, OR 97204-2099

  Attorney for Plaintiffs

Christopher W. Angius
Garrett S. Garfield
HOLLAND & KNIGHT LLP
111 S.W. Fifth Street, Suite 2300
Portland, OR 97204

  Attorneys for Defendant

JONES, Judge:

Plaintiffs brought this action against defendant PayPal, Inc., an internet business that enables individuals or businesses to securely send and receive payments online, alleging claims for conversion, unjust enrichment, declaratory judgment, and breach of contract arising out of defendant's decision to increase plaintiffs' reserve amount. Plaintiffs seek not less than $316,148.44 in damages, plus prejudgment interest, attorneys' fees, and costs.

The case is now before the court on defendant's motion (# 4) to dismiss the action entirely for improper venue, based on a contract forum selection clause. For the reasons stated, defendant's motion to dismiss with prejudice is denied, but this action is transferred to the United States District Court for the Northern District of California, sitting in Santa Clara County.

DISCUSSION

1.  Standards

Defendant brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(3). The parties dispute whether the motion should be analyzed as a motion to dismiss under Rule 12(b)(3), or under the federal statute governing venue, 28 U.S.C. § 1404(a). As plaintiffs admit, Ninth Circuit precedent holds that a motion to dismiss for improper venue based on a forum selection clause must be analyzed under Rule 12(b)(3). See, e.g., Doe 1 v. AOL LLC, 552 F.3d 1077, 1081 (9th Cir. 2009); Chudner v. Transunion Interactive, Inc., 626 F.Supp.2d 1084, 1087-88 (D. Or. 2009)(Acosta, J.)(adopted by King, J.).[1]

Under Rule 12(b)(3), pleadings need not be accepted as true, and facts outside the pleadings may be considered. Doe 1, 552 F.3d at 1081.

---

[1] Plaintiffs state that they have raised this argument to preserve it for appeal.

2.      The Forum Selection Clause

When plaintiffs signed up to use defendant's online service, they were required to agree to the express terms of the User Agreement for PayPal Service.  Typical of internet-based business transactions, to register for defendant's service, an individual must affirmatively accept the terms of the User Agreement by checking the appropriate box on the registration webpage.  An individual must also affirmatively check a box stating "I have read my rights with regard to the arbitration of claims as outlined in the Legal Disputes section of the User Agreement."  Affidavit of Michelle Squires, ¶ 7 and Exhibit A (User Agreement).  If the individual fails to check either box, registration cannot be completed.  See generally, Memorandum in Support of Motion to Dismiss Complaint, pp. 2-4 and p. 3 n.2.

Some courts refer to this type of internet agreement as "clickwrap agreements."  In Feldman v. Google, Inc., 513 F.Supp.2d 229 (E.D. Pa. 2007), the Eastern District of Pennsylvania described clickwrap agreements as follows:

> A clickwrap agreement appears on an internet webpage and requires that a user consent to any terms or conditions by clicking on a dialog box on the screen in order to proceed with the internet transaction. . . Even though they are electronic, clickwrap agreements are considered to be writings because they are printable and storable.

513 F.Supp.2d at 236 (rejecting the argument that the clickwrap agreement was not a valid express contract)(citations omitted).  As the court noted, "[a]bsent a showing of fraud, failure to read an enforceable clickwrap agreement, as with any binding contract, will not excuse compliance with its terms."  Id. (citations omitted).

3.   Enforceability of Forum Selection Clauses

The forum selection clause at issue here requires users to file claims in a court in Santa Clara County, where defendant has its principal place of business, or in Omaha, Nebraska.

Federal law governs the enforceability of forum selection clauses. A forum selection clause is presumptively valid: "[T]he party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable." Doe 1, 552 F.3d at 1083 (quoting M/S Bremen v. Zapata Off-Shore co., 407 U.S. 1, 17 (1972)). In M/S Bremen, the Court explained that a forum selection clause should be enforced unless the non-moving party "could clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." M/S Bremen, 404 U.S. at 15. The exceptions set forth in M/S Bremen are narrowly construed:

> A forum selection clause is unreasonable if (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.

Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 325 (9th Cir. 1996)(internal citations and quotations omitted).

4.   Plaintiffs' Arguments Against Enforceability

Plaintiffs make three arguments against enforceability. The three arguments are: (1) the forum selection clause is the product of defendant's overreaching; (2) plaintiffs had insufficient notice of the clause; and (3) its enforcement would contravene a strong public policy of Oregon.

      a.      <u>Overreaching</u>

Plaintiffs admit that allegations of unequal bargaining power and non-negotiability, alone, are insufficient to establish overreaching.  See, e.g., <u>Chudner</u>, 626 F.Supp.2d at 1090.  Plaintiffs contend, however, that overreaching exists here because "[t]he list of provisions that advance [defendant's] interests at plaintiffs' expense is long."  Plaintiffs' Response, p. 5.  Plaintiffs complain about many provisions, but they criticize the relevant provision - the forum selection clause - as overreaching and unreasonable because the User Agreement leaves defendant free to bring suit against a user anywhere it likes, but requires users to bring suit only in the courts of Santa Clara County, California, or Omaha, Nebraska.

I have considered plaintiffs' arguments and submissions, and find that plaintiffs have not met their heavy burden of establishing that the forum selection clause was the product of defendant's overreaching, nor have they demonstrated fraud, duress, or overweening bargaining power.

      b.      <u>Notice</u>

Plaintiffs next claim that they did not receive sufficient notice of the clause.  Judge Acosta rejected a similar argument in <u>Chudner</u>, explaining that

> Although Chudner contends that [the fact that the clause was contained in a text-box] renders the forum selection clause hidden and, thus, unenforceable, that fact is simply insufficient to render the forum selection clause invalid due to surprise.  Furthermore, the Service Agreement is fully accessible in its entirety from Defendants' website home page, under "Terms of Use."

626 F.Supp.2d at 1090.  Similarly, plaintiffs had access to the entire User Agreement on defendant's website, and have submitted no evidence to support their claimed lack of notice.

      c.      <u>Oregon Public Policy</u>

Plaintiffs rely on <u>Reeves v. Chem Industrial Company</u>, 262 Or. 95, 98 (1972) for the proposition that Oregon law "reflects a strong public policy against the enforcement of forum selection clauses like the one at issue here." Plaintiffs' Response, p. 7. And, indeed, in 2008 the Oregon legislature enacted ORS 81.150, permits consumers to revoke "a provision in a consumer contract that requires the consumer to assert a claim against the other party to the contract, or respond to a claim by the other party to the contract, in a forum that is not in this state." However, the parties in this case entered into the User Agreement in 2007, before enactment of ORS 81.150, which, in any event, applies only to "consumers" as defined in the statute. Moreover, "'[f]ederal law governs the validity of a forum selection clause.'" <u>Chudner</u>, 626 F.Supp.2d at 1092 (<u>quoting</u> <u>Argueta</u>, <u>supra</u>, 87 F.3d at 324). As noted, under federal law, forum selection clauses are presumptively valid, a presumption that plaintiffs have failed to overcome.

## CONCLUSION

Defendant's motion (# 4) to dismiss with prejudice is denied; however, this action is transferred to the United States District Court for the Northern District of California, sitting in Santa Clara County.

IT IS SO ORDERED.

DATED this 19th day of February, 2010.

      /s/ Robert E. Jones
      ROBERT E. JONES
      U.S. District Judge